KOHLER MANUF'G CO. v. BESHORE.

(Circuit Court, E. D. Pennsylvania. November 22, 1892.)

No. 1.

TRADE-MARKS—INFRINGEMENT.

In an action to restrain the infringement of a common-law trade-mark in the words "One Night Cough Cure," it appeared that plaintiff began in 1888 to sell a corn remedy labeled, "One Night Corn Cure," and a certain cough remedy, labeled "Rocky Mountain Cough Syrup." The labels for the latter having been exhausted, it was thereafter sold in small quantities under the name of "One Night Cough Cure," the labels being in writing. In the fall of 1891 printed labels were used, and the business was actively pushed until the commencement of this action, in February, 1892. The respective remedies, and the labels for the one and the other, rendered it difficult to understand what was intended to apply to the one and what to the other. In the application for registration of the trade-mark the label recorded was as follows:

"Corn Salve and Cough Syrup."

"One Night Cure."

In the accompanying affidavit plaintiff states that the trade-mark of said company consists of the words, "One Night" preceding the words

"Cure" and "Remedy." *Held*, that plaintiff had not acquired a trade-mark in either collocation of words, and that, even if he had, it was not infringed by the use of a label with the following words: "Beshore One Night Cough Cure."

In Equity. Bill by the Kohler Manufacturing Company against E. S. Beshore for infringement of a trade-mark. Bill dismissed.

Price & Stewart, for plaintiff.
W. H. Browne and Jerome Carty, for defendant.

BUTLER, District Judge. The plaintiff claims ownership of a common-law trade-mark in the words "One Night Cough Cure," used as a label on medicine, which it manufactures. Granting that a trade-mark may be acquired in this collocation of words, the plaintiff, to sustain its claim, must show that the words have been used in the connection stated, so uniformly and so long as to have become familiar to the public as a sign of this article of its manufacture. To show merely an adoption of the words, without such continuous use and public familiarity and understanding, would amount to nothing. The use, even, for a brief period in connection with occasional sales, would amount to little if anything more. To establish a proprietary right in the language it is necessary that the public understanding respecting the purpose of its use shall be fully proved.

The evidence before us is unsatisfactory. In the first place it is uncertain respecting the collocation of words used; and in the second, it is equally uncertain as respects the public understanding. It shows that Messrs. Yeakel & Greeble, who united as partners under the firm name of the "Kohler Medicine Co.," and entered upon the manufacture of medicines about 1888, procured from Dr. Kohler's estate certain recipes for corns, cough, and other remedies, and commenced manufacturing accordingly; that they at once began selling the corn remedy labeled "One Night Corn Cure," and the cough remedy labeled "Rocky Mountain Cough Syrup;" that in February, 1890, the plaintiff company was incorporated and the business and assets of the firm transferred to it; that in the month of November or December, 1889, the firm ran out of labels for the "Rocky Mountain Cough Syrup," and resolved to sell it thereafter labeled "One Night Cough Cure;" but not intending to "push" this remedy, and to avoid the expense of printing such labels, so many as needed, (possibly four or five dozens,) were written, and used; that for a time thereafter the remedy was sold under both names; that in the fall of 1891, the plaintiff, then resolving to "push" the business, put the medicine up in a different form, procured labels to be printed and put them upon it; and that thenceforward until the date of suit, February, 1892, the printed labels were used. The foregoing statement seems to be justified by the testimony, though from the ignorance of some witnesses and the unreliability of others, it is difficult to determine even this much with precision. The corn remedy and cough remedy, and the labels for the one and the other, appear to be so mixed up as to render it difficult to understand what is intended to apply to the one and what to the other. No dealers in such medicines, properly considered, were

examined, nor any other reliable, disinterested persons of any importance, not connected with the plaintiff.

But there is another fact of great importance about which no room for dispute exists. In January, 1891, the plaintiffs applied to the patent office for registration of its trade-mark, and in this application the words claimed are essentially different from those now set up, and testified to by the witnesses. The label recorded is as follows:

TRADE MARK.

—o—

KOHLER MANUFACTURING COMPANY.

Corn Salve and Cough Syrup.

No. 18,867.                                                 Registered Jan. 20, 1891.

ONE NIGHT CURE.

Witnesses:                                     Proprietor,
    Victor G. Bloede,                              Kohler Mfg. Co.,
    Wm. G. Daugherty.                              Per Louis Yakel, Secy.

The plaintiff's sworn statement is as follows:

"The trade-mark of said company consists of the words 'One Night' preceding the word 'Cure' or 'Remedy.' These have generally been arranged as shown in the accompanying facsimile of one of their labels, which represents the words 'One Night Cure' printed on a circular label; but the style of printing and the shape of the label are unimportant and can be varied at will without affecting the character of the trade-mark, the essential features of which are the words 'One Night Cure.' This trade-mark has been continuously used by said corporation, since about the middle of January, 1890. The class of merchandise to which this trade-mark is appropriated is medical preparations, and the particular description of goods comprised in such class on which it is used by the said corporation is corn salve and cough syrup. It is usually affixed to the goods by printed label or stencil on the boxes or other packages in which the goods are put.

"[L. S.]                                         Kohler Manufacturing Co.,
                                                    "Louis Yakel, Sect."

This statement is made by Louis Yakel, whose testimony taken in the case before us, is irreconcilable with it. The plaintiff certainly knew what its trade-mark was, if it had one, and the foregoing statement should therefore be regarded as conclusive. The registration was notice to everybody that the trade-mark claimed was what is there set up, and nothing else. This the defendant has not infringed. His label "Beshore One Night Cough Cure" is materially different; no man could mistake it for the other.

But furthermore there is no sufficient evidence that the plaintiff had acquired a trade-mark in either of the collocations of words stated. The occasional use of the written label prior to the fall of 1891 was unimportant. It was insufficient to make any public impression. And the period between the fall of 1891 and February following, when suit was commenced, was too short, in the most favorable view of the evidence, to have established or fixed the label (whatever it was) in the public mind as a known sign or indicia of the plaintiff's manufacture of cough medicine.

Sufficient has been said to justify a dismissal of the bill, and other questions raised need not, therefore, be considered.