PHILLIPS v. HUDNUT et al.

(Court of Appeals of District of Columbia. Submitted January 13, 1920. Decided March 1, 1920.)

No. 1268.

1. TRADE-MARKS AND TRADE-NAMES ☞23—RIGHT IS INDEPENDENT OF STATUTE.

The right to a trade-mark exists independently of statute.

2. TRADE-MARKS AND TRADE-NAMES ☞45—REGISTRATION IS ONLY PRIMA FACIE EVIDENCE.

Registration of a trade-mark simply constitutes prima facie evidence that the registrant is entitled to the mark.

3. TRADE-MARKS AND TRADE-NAMES ☞21—USE INSUFFICIENT AS AGAINST ONE SUBSEQUENTLY COMMENCING CONTINUOUS USE.

Where a party having no established place of business made some sample boxes of toilet powder, placed upon them a mark claimed by him as a trade-mark, and forwarded them, without previous request, through the house for which he was working, to dealers in goods of that character, who paid 5 cents for each box, though the usual selling price of such article was about 50 cents, and he made no further use of the mark for two years, his use thereof did not satisfy the statute, and entitle him to priority over a party subsequently commencing the continuous use of an interfering mark.

4. TRADE-MARKS AND TRADE-NAMES ☞44—APPELLANT CANNOT COMPLAIN THAT PRIORITY SHOULD HAVE BEEN AWARDED TO THIRD PARTY.

In a trade-mark interference proceeding between three parties, the appellant cannot complain of a decision awarding priority to one of the other parties, on the ground that priority should have been awarded to the third party.

5. TRADE-MARKS AND TRADE-NAMES ☞44—ON APPEAL TO ASSISTANT COMMISSIONER, ERROR AGAINST PARTY NOT APPEALING NOT AVAILABLE.

Where, after priority was awarded to one of the parties to an interference proceeding, he filed a motion to have it adjudged that the adverse party was not entitled to use the mark at the date of his application, but did not appeal from the refusal of such motion, the refusal was not before the Assistant Commissioner of Patents on an appeal by the adverse party, and he committed error in overruling such refusal.

Robb, Associate Justice, dissenting in part.

Appeal from a Decision of an Assistant Commissioner of Patents.

Trade-mark interference proceeding between Thomas W. S. Phillips and Richard Hudnut and another. From a decision in favor of Hudnut, Phillips appeals. Reversed in part, and affirmed in part.

Joseph L. Levy, of New York City, for appellant.

C. E. Dunn and Nicholas M. Goodlett, both of New York City, for appellees.

SMYTH, Chief Justice. This is an interference involving the right of Hudnut to obtain the registration of the word "Nara" as trade-mark for toilet articles such as talcum, sachet, and face powder. Phillips had registered the word "Nyra" and Mack the word "Myra" as marks

for goods of the same descriptive properties. The Examiner of Interferences held that the respective marks were one and the same, and awarded priority to Hudnut. He was affirmed by the Assistant Commissioner. After the decision of priority was announced by the Examiner, Hudnut filed a motion requesting him to adjudge that Phillips was not entitled to the use of the mark at the date of his application for registration. This was denied. Hudnut failed to appeal. However, the Assistant Commissioner reviewed the action of the Examiner in this regard on Phillips' appeal and reversed it.

It is clearly established that Hudnut adopted the mark in question in September, 1914, and used it continuously thereafter. Phillips claims May, 1914, as the time he commenced the use of the mark. In that month he had no established place of business, but made some sample boxes of toilet powder, placed upon them the mark here involved, and then forwarded them from New York, through the house for which he was then working, to three dealers in goods of that character, one in Texas, one in Philadelphia, and one in New Orleans. The boxes were sent without previous request by the consignees, and the price paid for each was 5 cents, the usual sale price of such an article being about 50 cents. No other use of the mark was made by him until 1916. The Assistant Commissioner held that this was not "a bona fide business transaction—was not doing business on Phillips' part, and was a mere laying basis for the filing of his application for registration, and created no trade-mark rights in Phillips."

[1-3] The right to a trade-mark exists independently of the statute. Registration simply constitutes prima facie evidence that the registrant is entitled to the mark. Fulton Waterworks Co. v. Bear Lithia Spring Co., 47 App. D. C. 438. The trade-mark statute (section 1, 33 Stat. 724 [Comp. St. § 9485]) does not define what constitutes a trade-mark. We must go to the common law for that.

"The trade-mark recognized by the common law is generally the growth of a considerable period of use, rather than a sudden invention. * * * The exclusive right to it grows out of its use, and not its mere adoption." Trademark Cases, 100 U. S. 82, 94 (25 L. Ed. 550); Macmahan Pharmacal Co. v. Denver Chemical Mfg. Co., 113 Fed. 468, 472, 51 C. C. A. 302; American Washboard Co. v. Saginaw Mfg. Co., 103 Fed. 281, 287, 43 C. C. A. 233, 50 L. R. A. 609.

According to an authority cited by the appellant, the trader must apply the mark to a vendible commodity and "must actually put the commodity so marked on the market." Nims on Unfair Competition and Trade-Marks (2d Ed.) § 216. In the light of these authorities we are persuaded that the Assistant Commissioner was right in holding that the use made by Phillips of the mark does not satisfy the statute. This being so, Hudnut is entitled to priority over him.

[4] Phillips complains because of the action of the Office with respect to Mack, but concerning this he has no right to be heard. What matters it to him if, perchance, Mack is entitled to priority over Hudnut since he (Phillips) cannot overcome Hudnut's date.

[5] With respect to the action of the Assistant Commissioner in

overruling the decision of the Examiner denying the motion of Hudnut. we think he was wrong. Hudnut did not appeal. Therefore the question did not come before the Commissioner for consideration.

The decision of the Patent Office is reversed, in so far as it relates to the action of the Examiner on Hudnut's motion, and is affirmed in all other respects.

Modified.

ROBB, Associate Justice (concurring in part). I concur in the ruling sustaining the decision of the Patent Office in awarding priority to Hudnut. However, Phillips having appealed to the Commissioner from the basic decision of the Examiners in Chief awarding priority to Hudnut, and the Commissioner having sustained the decision appealed from, it is my view that the Commissioner properly canceled the Phillips registration. The Commissioner's decision, which this court sustains, definitely and finally determined that Phillips had no claim to the mark, and hence no right to register it. Just why Hudnut should be required to go through the idle ceremony of filing an application to have the invalid registration canceled is not apparent to me, since such a proceeding can have but one result; the question already having been determined in the other proceeding.