## PASTIFICIO SPIGA SOCIETA PER AZIONI v. DE MARTINI MACARONI CO., Inc.

No. 64, Docket 22455.

United States Court of Appeals Second Circuit.

Argued Nov. 10, 1952.

Decided Dec. 3, 1952.

**326**

Martin Koeppel, Brooklyn, N. Y., Adolph Koeppel, Brooklyn, N. Y., of counsel, for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The defendant obtained a decision by the trial judge that the plaintiff could not recover for injury to its trade mark "S.P.I. G.A." because the mark was merely descriptive, and that no claim for unfair competition was established because at no time during the course of the defendant's acts did the plaintiff sell any of its products in this country. We think that neither conclusion was well founded.

The Patent Office had allowed registration of the trade mark and its action created a strong presumption in favor of the validity of the mark. See Planten v. Gedney, 2 Cir., 224 F. 382; W. G. Reardon Laboratories, Inc. v. B. & B. Exterminators, Inc., 4 Cir., 71 F.2d 515, 517; Nims, Unfair Competition and Trade Marks, 4th edition, § 344.

The attempt of the defendant to distinguish between the five letters "S.P.I. G.A." and the word "Spiga" where the letters were not separated seems to be essentially a distinction without a difference. The two forms in which this trade mark was used carried an essentially identical significance to a buyer. The trial judge found that the word "spiga" meant "head of the wheat." The use of the word in respect to alimentary paste in any of its forms, including macaroni or spaghetti, was in our opinion fanciful and not descriptive. See Hamilton-Brown Shoe Co. v. Wolf Bros. & Co., 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629; LeBlume Import Co. v. Coty, 2 Cir., 293 F. 344. The only evidence against the validity of the trade mark consisted of statements by Dominico Rintrona elicited during cross-examination through questions by the court. He was an aged man who could only speak and understand the questions when aided by an interpreter:

"The Court: * * * Is that [spiga] a common word in the macaroni trade? Do macaroni dealers use that word?

"The Witness: Yes.

"The Court: Now, do people who buy—people who come into your store—is that a word that is commonly

used by them and well known, the word spiga?

"The Witness: Yes."

 There was some further indication in the Defendant's Exhibit E that the word "Spigadoro" accompanied by representations of a spiga had been used in Italy on a package of spaghetti at an unidentified date. We we do not think such proof sufficient to establish that the word "spiga" was not fanciful, or to defeat the validity of the plaintiff's registered trade mark. It seems clear from the foregoing that the plaintiff has proved an infringement of its valid trade mark and is entitled to an injunction restraining defendant from further acts of infringement.

The plaintiff's claim for unfair competition was likewise adequately proved so far as it was based upon the practical identity of the wrappers used by plaintiff and defendant. The finding below disposed of the contention by the defendant that the plaintiff never used its wrapper. The trial judge was mistaken in indicating that proof of actual instances of deception is necessary to establish such a claim. See Miles Shoes, Inc., v. R. H. Macy & Co., Inc., 2 Cir., 199 F.2d 602. Further, competition based on selling in the same market is not necessary to establish a claim for unfair competition when, as could have been found to be the case here, the plaintiff was prevented from competing in the same market by defendant, and the goods might well be thought to have originated with the plaintiff. See Triangle Publications v. Rohrlich, 2 Cir., 167 F.2d 969; L. P. Larson, Jr., Co. v. William Wrigley, Jr., Co., 7 Cir., 20 F.2d 830.

As we have already indicated, there was some proof of both trade mark infringement and unfair competition in the copying of plaintiff's wrapper. For this the latter would be entitled to recover damages if the defendant intended to benefit from the plaintiff's reputation. Restatement of Torts § 745. As a measure of this damage the plaintiff may be able to show that the defendant realized profits which the plaintiff would have received if allowed to sell its products without interference. Restatement of Torts § 747. For any period during which plaintiff was unable to send its products to this country because of the war or other circumstances it would not be entitled to receive defendant's profits. Consequently the plaintiff is entitled to an accounting. As a further measure of damages plaintiff would be entitled to prove injury to its reputation through sales by the defendant of an article inferior to that which the plaintiff had put on the market in the past. Restatement of Torts § 746. The plaintiff seeks to have trebled any damages which may be proved. But under the statute this is a discretionary matter for the trial court with which this court now has no concern. 15 U.S.C.A. § 96; § 1117.

For the foregoing reasons the judgment of the court below is reversed and the cause remanded with directions to proceed in accordance with the views expressed in this opinion.