Dr. Nicholas C. STREY,

v.

DEVINE'S, Inc.

No. 11117.

United States Court of Appeals, Seventh Circuit.

Nov. 5, 1954.

Rehearing Denied Dec. 18, 1954.

Nicholas C. Strey, R. W. Marrow, Chicago, Ill., for appellant.

Henry Junge, James McKeag, Chicago, Ill., Richard G. Bodenstab, Chicago, Ill., for defendant-appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

This is an action for trade-mark infringement and unfair competition. The trial court found the issues favorable to the defendant and judgment was entered dismissing the complaint.

Plaintiff's complaint alleged that for many years last past he has been engaged in the manufacture, sale and distribution of various creams for relief in treating sore, tired and perspiring feet, and also, for eczema or ringworm, insect bites and other related ailments; that for the purpose of identifying said products as having their origin with plaintiff, about March, 1931, he adopted and commenced the use of the trade-mark "Kule-Fut" in connection with a pictorial illustration of a human foot on top of a cake of ice.

In March, 1951, plaintiff applied to the United States Patent Office for registration of his trade-mark but on November 2, 1951, the Examiner rejected said application for the Principal Register because the trade-mark was dominated by unregisterable material.[1] Thereafter, plaintiff requested that his application be modified and he applied for registration upon the Supplemental Register which was granted September 9, 1952, and the product was listed in Class 18—Medicines and pharmaceutical appliances.

Since 1947 the defendant has produced and distributed in interstate commerce a cream under the trade name "Devine's Kool-Foot Cream". However, for a period from 1941 to about 1951 the defendant did offer a foot cream product through a retail outlet in Detroit, Michigan, under the name of "Kule-Fut". Defendant claimed, and the trial court so found, that during said period it had no knowledge of plaintiff's trade-mark or the use of the words "Kule-Fut" by plaintiff to designate his product, and that defendant sold its product only through one retail outlet in the Detroit area where the plaintiff did not operate. The District Court found, as a fact, that there was no competition between the plaintiff and defendant in the Detroit area.

1. "Registration on the Principal Register is refused for the reason that the mark is dominated by unregisterable material, namely, the possessive form of the surname 'Strey'; the descriptive elements 'Kule-Fut', the phonetical equivalent of 'cool-foot'; the generic word 'cream' and the representation of the foot, the latter two features already having been disclaimed."

The jars in which plaintiff's and defendant's products are respectively marketed are not similar in appearance. Plaintiff's jar is of a larger diameter and of lesser height, and black is the prevailing color. Most of the printed words on the label are in white lettering. However, the words "Kule-Fut" appearing on a representation of a block of ice are in blue letters. In defendant's jar the prevailing colors are light blue and white, but the words "Devine's Kool-Foot" appear prominently in red letters on the jar label and on the cover of the jar. The only similarity is that the words "Kule-Fut" and "Kool-Foot" have identical pronounciations.

At the trial defendant's counsel contended that the issue of unfair competition could not be considered by the court because there was no diversity of citizenship between the parties to this action. This contention is too broadly stated. Title 28 U.S.C.A. § 1338(b) provides: the "district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

█ Thus, the District Court's jurisdiction of plaintiff's claim of unfair competition existed to the limited extent that it is "related" to his claim of trade-mark infringement. Federal jurisdiction was only obtained in this case by reason of the registration of plaintiff's trade-mark. The principle involved is well stated in Landstrom v. Thorpe, 8 Cir., 189 F.2d 46, 51, 26 A.L.R.2d 1170, certiorari denied 342 U.S. 819, 72 S.Ct. 37, 96 L.Ed. 620: " * * * For such a claim to be 'related' to a case arising under the trade-mark law within the meaning of the statute 'it must appear that both federal and nonfederal causes (of action) rest upon substantially identical facts.' French Renovating Co. v. Ray Renovating Co., 6 Cir., 170 F.2d 945, 947; Hurn v. Oursler, 289 U.S. 238, 248, 53 S.Ct. 586, 77 L.Ed. 1148; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 325, 59 S.Ct. 191, 83 L.Ed. 195;

Kaplan v. Helenhart Novelty Corporation, 2 Cir., 182 F.2d 311; Hanson v. Triangle Publications, Inc., 8 Cir., 163 F.2d 74, certiorari denied, 332 U.S. 855, 68 S.Ct. 387, 92 L.Ed. 424.

"Damages resulting from the wrongful registration of the trade-mark and for unfair competition must necessarily be proven by the same evidence." It follows that the District Court did have jurisdiction as to any acts of the defendant which may have constituted unfair competition providing that same occurred on or after September 9, 1952, the date of the registration of plaintiff's trade-mark.

One of the reasons that the District Court denied relief to plaintiff was that he came into court with unclean hands. Plaintiff was not a licensed physician. Although he was licensed as a chiropodist and a chiropractor he was not authorized, under Illinois law, to use the designation "Dr." (doctor) as a part of his title. The court found that the plaintiff represented the cream manufactured by him to be a treatment for various bodily ailments other than those of the feet, thus constituting said cream a drug and that he led purchasers to believe that an application of the cream is a treatment prescribed by a physician. The District Court held that the misrepresentation on the labels used on the jars of cream sold by him, both in using the title "Dr." and in prescribing his Kule-Fut cream as treatment for the ailments specified, were material in character.

An important element under the trade-mark law and the law of unfair competition is that the public should be protected from fraud and deceit. This court stated in Stahly, Inc. v. M. H. Jacobs Co., 183 F.2d 914, 917: "It must be remembered that the trade-mark laws and the law of unfair competition are concerned not alone with the protection of a property right existing in an individual, but also with the protection of the public from fraud and deceit, Stork Restaurant, Inc. v. Sahati, 9 Cir., 166 F.2d 348, 354; Rosenberg Bros. & Co. v. Elliott, 3 Cir., 7 F.2d 962, 965, 966; Gen-

eral Baking Co. v. Gorman, 1 Cir., 3 F.2d 891, 893; Goldwyn Pictures Corp. v. Goldwyn, 2 Cir., 296 F. 391, 401, and it is obvious that the right of the public to be so protected is a right which transcends the rights of the individual trademark owner and is beyond his power to waive."

It is well established that a court of equity may deny relief for infringement of a trade-mark where plaintiff misrepresents the nature of his product. This principle is well stated in Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 494, 62 S.Ct. 402, 406, 86 L.Ed. 363, where the court said: " * * * equity will deny relief for infringement of a trademark where the plaintiff is misrepresenting to the public the nature of his product either by the trademark itself or by his label. Manhattan Medicine Co. v. Wood, 108 U.S. 218, 2 S.Ct. 436, 27 L.Ed. 706; Worden & Co. v. California Fig Syrup Co., 187 U.S. 516, 23 S.Ct. 161, 47 L.Ed. 282; Leather Cloth Co. v. American Leather Cloth Co., 11 H. L. Cas. 522, 541–45; * * *. The patentee, like those other holders of an exclusive privilege granted in the furtherance of a public policy, may not claim protection of his grant by the courts where it is being used to subvert that policy."

The District Court also found that although plaintiff's product contained more than two ingredients the label used by plaintiff did not list same as required by sec. 201(g) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 321(g). It seems clear that plaintiff's Kule-Fut cream constituted a "drug" under the Act since it was an article "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man . * * * ." The "high purpose" of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., is to protect consumers. Kordel v. United States, 335 U.S. 345, 349, 69 S.Ct. 106, 93 L.Ed. 52; United States v. Sullivan, 332 U.S. 689, 696, 68 S.Ct. 331, 92 L.Ed. 297. The protection of the public under the Act involves the public interest in a high degree.

We hold the misrepresentations made by plaintiff in the use of his trademark and the misbranding of his cream in violation of the Federal Food, Drug, and Cosmetic Act were sufficient reasons for the District Court to deny him any relief.

We also hold that the District Court was correct in finding that there was no evidence of unfair competition after September 9, 1952. It follows that the complaint was properly dismissed.

Affirmed.