**JOS. SCHLITZ BREWING CO., Plaintiff,**

v.

**GENERAL BREWING COMPANY,
Defendant.**

**No. 76–C–18.**

United States District Court,
E. D. Wisconsin.

April 5, 1977.

Andrus, Sceales, Stark & Sawall by Merl E. Sceales, Milwaukee, Wis., for plaintiff; Pattishall, McAuliffe & Hofstetter by Beverly W. Pattishall, Robert M. Newbury, and Lawrence S. Wick, Chicago, Ill., of counsel.

Michael, Best & Friedrich by David J. Cannon, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is an action for a declaratory judgment in which jurisdiction is based on the diversity of the plaintiff, a Wisconsin brewer, and the defendant, a California brewer. The plaintiff has filed a motion for summary judgment, pursuant to rule 56, Federal Rules of Civil Procedure, for a declaration that the word "light" is a common descriptive or generic word for beer, as to which the defendant has no exclusive rights, and that the plaintiff's descriptive use of the word "light" for beer cannot constitute trademark infringement or unfair competition with the defendant. The plaintiff's motion also seeks injunctive relief against interference or threatened interference by the defendant with such use of the word "light" by the plaintiff. The motion will be denied.

The plaintiff describes the premise of its motion as follows:

"The present motion is based on the fact that defendant, on deposition and in its Answer, has unequivocally admitted that 'light' is a common descriptive or generic term for beer that is light in taste, light in color and light in calories. Thus, as a matter of law, defendant can have no exclusive rights in the term 'light.'" (Plaintiff's brief, p. 2)

The defendant has responded to the motion by arguing that the plaintiff's reliance on federal substantive law is misplaced and that California law governs this action; the defendant also contends that even if "light" is a common or descriptive term in the brewing industry, the plaintiff is not entitled to judgment as a matter of law. The defendant has not suggested any difference between federal and California law, and the plaintiff has persuaded me that the choice of federal or state substantive law is a distinction without a difference in the fields of trademarks and unfair competition. See *K–S–H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54 (9th Cir. 1969); and *Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 545 (2d Cir. 1956), concurring opinion. However, accepting the federal law proffered by the plaintiff, I find that the burden of showing that the movant on a summary judgment motion is entitled to judgment as a matter of law has not been met.

The plaintiff urges that as a matter of law, a denominative or generic term may not be exclusively appropriated as a trademark regardless of the length of time it has been used or the promotional effort made. The plaintiff's citation of *American Aloe Corp. v. Aloe Creme Laboratories, Inc.*, 420 F.2d 1248, 1252 (7th Cir. 1970), for this proposition is inappropriate, for the court's statement there included the limiting phrase "in circumstances such as those before us." The more general rule is found at page 1251, where the court stated:

"It is undisputed that in the absence of a strong showing of secondary meaning, a generic name cannot be the basis of a trademark. *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73 (1938)."

At page 1252, the court noted that the criteria for determining whether a denominative term has acquired the necessary secondary meaning to be a trademark are delineated in *Kellogg*, supra.

In view of the above, it is apparent that in some circumstances, specifically, upon a strong showing of secondary meaning, a generic or denominative name can be the basis of a trademark. Whether those circumstances are present in this action is a question of fact which may not be resolved against the defendant on this motion for

summary judgment. Accordingly, the motion will be denied.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.