NEW YORK YELLOW PAGES, INC., Plaintiff,

v.

CITIBANK, N. A., Defendant.

78 Civ. 5183 (KTD).

United States District Court, S. D. New York.

Oct. 15, 1979.

Polacheck, Saulsbury & Hough, for plaintiff; William T. Hough, New York City, of counsel.

Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendant; Thomas P. Dowling, Richard E. Bennett, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

The plaintiff, New York Yellow Pages, Inc. [hereinafter referred to as "the Yellow Pages"], commenced this action against the defendant, Citibank, N.A. [hereinafter referred to as "Citibank"], in August, 1978, alleging trademark infringement and unfair competition. The Yellow Pages seeks preliminary and permanent injunctive relief from said conduct and an accounting in order to ascertain the damages it has sustained to date.[1]

Issue was joined in the instant action on November 6, 1978. Contained in its answer and denominated as a counterclaim, the defendant asserted that as a result of its prior use of the mark in issue, it was entitled to the exclusive use thereof. Thereafter, on November 21, plaintiff moved to dismiss defendant's counterclaim. This motion, returnable before the Honorable Leonard B. Sand, District Judge, was originally denied in December, 1978 and again, upon reconsideration, in January. While noting certain legal defects in plaintiff's reasoning, Judge Sand denied the motion on the ground that the motion was premature. More particularly, the Judge held that "a final determination of the rights of the parties under both the common law and the Lanham Act should await discovery in this proceeding."

The plaintiff, however, failed to heed Judge Sand's admonition concerning the need for further discovery in the instant

---

1. Nowhere in its complaint does plaintiff set forth the precise statutory or common law principles under which it seeks relief. However, under the liberal pleading requirements the complaint, although inartfully drawn, is sufficient to allege Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and common law violations. *See, e. g., Miss Universe, Inc. v. Patricelli*, 408 F.2d 506 (2d Cir. 1969).

action and less than one month after the opinion moved for summary judgment. Before determination of the motion by Judge Sand, the case was reassigned to me. In addition to the instant motion for summary judgment, defendant has cross-moved for an order compelling plaintiff to answer certain interrogatories propounded by defendant; to produce certain requested documents; and to produce certain individuals who, although noticed for oral deposition, have to date not been produced. Defendant also seeks leave to amend its answer and counterclaim.

The plaintiff is a corporation engaged in the publication and distribution of local telephone directories within the City of New York. In connection with these telephone directories the plaintiff has, since 1969, offered a free telephone information service called "Cityphone." The service consists of a toll free number which when dialed places the caller in contact with a general information service. The caller may inquire about a host of activities, services and shops located in New York City. Although the type of information disseminated through the "Cityphone" service is so broad as to defy precise classification, suffice it to say that it includes information concerning the various banking services available in the City of New York. Indeed, within the banking field alone, Cityphone offers a myriad of information ranging from savings accounts to money orders and savings bonds. See Plaintiff's Exhibit R.

Plaintiff registered "Cityphone" as a service mark with the United States Patent Office in February, 1971 and with New York's Department of State in May, 1978.[2] Apparently, it has employed its mark quite extensively in its New York City phone directories.

The defendant is a corporation providing banking services within the State of New York. Since 1812, the defendant has used the name "City Bank" in connection with its banking services. In 1959 the defendant first began to use the name "Citibank" to identify its banking services. Finally, in 1975, the defendant fully embraced the name "Citibank" by changing its corporate name to "Citibank, N.A."

Over the years, since at least 1971, the defendant has used the prefix "Citi" in connection with many of its banking services, to wit:

CITICARD
CITICARD BANKING CENTER
CITICARD SHOPPING
CITICASH
CITISCAN
CITIEXPRESO
CITIBANK: TODO UN BANCO
CITILIFE
CITIQUOTE
CITISHARE
CITIDATA
CITIBASE
CITIPLAN
CITITRAN
CITIMARKETS
THE CITI NEVER SLEEPS
CITILEASE
Citi-Interest NOW
CITIPHONE

One of the services listed above, namely "Citiphone," is the subject of the instant suit. Simply stated, the "Citiphone" is a phone used solely in connection with defendant's "Citicash" machine to assist defendant's customers in its use. The "Citicash" machine is a device which when activated by a customer's "Citicard" will dispense cash, receive deposits and report an individual's balance. The "Citiphone" line is not a public telephone line but rather an intercom phone system within the Citibank system. It is manned by a Citibank employee who stands ready to answer any of the customer's inquiries concerning the use

2. The registration filed with the United States Patent Office states that the mark will be used for "[p]romoting the sale of goods and services of business by providing answers to specific questions concerning shopping and dining via telephone." The registration filed with New York State provides that the mark will be "used in connection with shopping and dining information service, travel and employment service conducted on radio, television and telephone answering service."

of the "Citicash" machine. This, however, is the only information available over the "Citiphone."

The defendant has recently registered "Citiphone" as a service mark with the United States Patent Office.[3]

The complaint charges that since both plaintiff's "Cityphone" and defendant's "Citiphone" information services provide information concerning banking facilities, the defendant's continued use of the "Citiphone" name infringes upon plaintiff's registered service mark. Plaintiff further urges that in addition to the overlapping of the services offered by plaintiff and defendant, the names are so close as to cause a substantial likelihood of confusion among the consuming public. Accordingly, plaintiff seeks to enjoin defendant from using the name "Citiphone" to identify an information service in connection with its banking facility.

In its counterclaim the defendant asserts that it possesses exclusive and prior rights to all composite marks bearing the prefix "Citi" which are employed in connection with its banking services. It charges that plaintiff has used the mark "Cityphone" and "Citiphone" in association with banking services in violation of defendant's federal and common law rights in its family of "Citi" names and marks.

■ It is clear that both "Cityphone" and "Citiphone" are federally registered service marks and consequently each is prima facie evidence of the validity of the registration and the registrant's exclusive right to use the mark in connection with the goods and services specified in the certificate of registration. *Miss Universe, Inc. v. Patricelli,* 408 F.2d 506, 509 (2d Cir. 1969). Indeed, this Circuit has long acknowledged the " 'strong presumption of validity' created by registration." *Id.* The question re-

mains, however, whether plaintiff's "Cityphone" or defendant's "Citiphone" infringe upon one another and if so who is entitled to the exclusive use of the mark in issue.

■ Concerning the question of infringement, the issue is whether the simultaneous use of the marks at bar are likely to cause confusion, mistake or are potentially deceptive. 15 U.S.C. § 1114(1)(a). This, in turn, requires analysis of a number of factors: the degree of similarity between the marks in appearance and suggestion; the similarity of the products for which the name is used; the area and manner of concurrent use; the degree of care likely to be exercised by consumers; the strength of the complainant's mark; actual confusion; and an intent on the part of the alleged infringer to palm off his products as those of another. *See Maternally Yours, Inc. v. Your Maternity Shop, Inc.,* 234 F.2d 538, 543 (2d Cir. 1956).

■ It is evident, therefore, that resolution of the instant action presents a number of material factual issues, any one of which is sufficient to defeat the instant motion for summary judgment. Accordingly, the plaintiff's motion must be denied.

■ Turning to defendant's discovery motions, plaintiff has offered no valid reason, in fact or in law, why the discovery in this case should not proceed apace. To be sure, had plaintiff cooperated in the discovery process rather than attempting to thwart it at every turn, this action may have been quickly resolved. However, plaintiff's efforts have served only to prolong this action. Suffice it to say that discovery in this case must proceed and accordingly defendant's motion is granted as provided below.

The defendant is directed to re-notice the depositions in issue and the plaintiff is directed to produce those individuals properly

---

**3.** Similarly, many of defendant's other "Citi" designated services are also registered with the United States Patent Office. These include:

CITIBANK
CITICARD
CITICARD BANKING CENTER
CITICARD SHOPPING
CITICASH
CITISCAN
CITIEXPRESO
CITIBANK: TODO UN BANCO
THE CITI NEVER SLEEPS
CITIMARKETS
CITIPHONE

noticed. Before these depositions occur, however, plaintiff is directed within twenty (20) days hereof to serve full and complete answers to defendant's interrogatories and to furnish the documents sought by defendant.

Finally, defendant's motion to amend its answer and counterclaim is granted. It is evident that the amendments merely reflect recent developments concerning the defendant's so called family of names and marks derived from its "Citi" prefix. As such, these recent developments are relevant not only to plaintiff's claim of infringement but also to defendant's counterclaim. Thus, in the interest of judicial economy leave to amend must be granted.

Accordingly, plaintiff's motion for summary judgment is denied and defendant's cross-motions for discovery and leave to amend are granted as provided above.

SO ORDERED.