CALABRESI, J.,
concurring:
Although I agree with the majority’s judgment in this case, I write separately because I join only in the second interpretation identified by the majority for its conclusion. (Ante at 502.)
Whatever their merits, our cases make clear that, although federal courts may not entertain suits under the TCPA based on federal question jurisdiction, Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 435 (2d Cir.1998), federal court jurisdiction exists where there are other bases for jurisdiction. See Gottlieb v. Carnival Corp., 436 F.3d 335, 342-43 (2d Cir.2006). But see Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 450 (7th Cir.2005) (criticizing our decision in Foxhall and contending that “if state jurisdiction really is ‘exclusive,’ then it knocks out [28 U.S.C.] § 1332 as well as [28 U.S.C.] § 1331”). Like diversity jurisdiction, which we addressed in Gottlieb, other forms of party-identity-based federal court jurisdiction ought also to give rise to federal court jurisdiction over TCPA claims. Thus, suits involving as parties, inter alia, the United States (28 U.S.C. §§ 1345, 1346 (suits, respectively, by and against the United States)), diplomats (28 U.S.C. § 1351 (suits against consuls, vice consuls, and members of diplomatic missions)), or corporations organized under federal law (28 U.S.C. § 1349 (suits by and against such corporations)), should be governed by Gottlieb, not Foxhall.
Here, Appellant Bonime brings suit under diversity jurisdiction. But his is not a traditional diversity action. Rather, Bon-ime relies on CAFA’s diversity-jurisdiction provision, see 28 U.S.C. § 1332(d)(2)(A), and attempts to bring a class action suit under CAFA that, under New York law, he cannot bring in New York state court. See C.P.L.R. 901(b). The question before this Court, then, is whether a party may bring a TCPA claim in federal court where the same claim would be barred in state court.
*503 The TCPA’s right of action is created by federal law, and so federal substantive law must apply. See Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538, 541 n. 1 (2d Cir.1956) (“[Djespite repeated statements implying the contrary, it is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law.”); accord Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 n. 4 (2d Cir.2006). As such, Bonime is correct that Erie does not apply to his claim. See Felder v. Casey, 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (describing the Erie principle as providing that “when a federal court exercises diversity or pendent jurisdiction over state-law claims, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court”) (internal quotation marks omitted) (emphasis added). The majority in a sense agrees, writing, “It is correct that the Supreme Court’s Erie doctrine does not apply directly to the TCPA because it is a federal law.... The scheme of state and federal judicial integration and cooperation created by Eñe does not implicate the TCPA because it is a federal law and Eñe was directed to state-law claims.” (Ante at 501.)
I believe that the majority missteps, however, in concluding that the Eñe doctrine applies anyway, if only indirectly, as a matter of “Congressional instruction.” (Ante at 501.) I do not think we need to turn to Eñe at all, and that doing so confuses matters. Instead, I would focus our attention to the language of the statute and what it says about this federal cause of action. The TCPA, in relevant part, describes the private right of action it created as follows: a person or entity “may, if otherunse permitted by the laws or rules of court of a State,” bring “an action.” 47 U.S.C. § 227(b)(3) (emphasis added).
Like Gottlieb, this case presents a question of statutory construction. And statutory construction begins with statutory text and its plain meaning. See Auburn Hous. Auth. v. Martinez, 277 F.3d 138, 143 (2d Cir.2002). Under well-established rules of interpretation, the language of the “if otherwise permitted” clause modifies and limits the word “may.” See, e.g., United States v. Kerley, 416 F.3d 176, 180 (2d Cir.2005) (following the “well-established rule” that “a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows”) (internal quotation marks and citation omitted). A state law that bars suit in state court, like C.P.L.R. 901(b), thus effectively eliminates the cause of action created under the TCPA because it eliminates the “may” and the rest of the phrase that follows (“bring ... an action”). Federal law (the TCPA’s cause of action) directs courts to look to “the laws” and “rules of court” of a state. Thus, when a state refuses to recognize a cause of action, there remains no cause of action to which any grant of federal court jurisdiction could attach. It follows that Bonime’s suit must fail because Bonime lacks a cause of action on which to bring suit.
This result derives inevitably from our cases, although it need not flow from every possible interpretation of the TCPA. The Seventh Circuit, for instance, has held that federal courts may exercise federal question jurisdiction over TCPA suits. Bñll, 427 F.3d at 451. In so doing, that court has read the language of section 227(b)(3) regarding state law and state courts as merely creating an alternative forum, rather than as foreclosing jurisdiction or relief in federal court. Indeed, the Seventh Circuit opined in Bñll that its reading was *504 required because “otherwise where would victims go if a state elected not to entertain these suits?” Id. On the Seventh Circuit’s interpretation of the TCPA’s private right of action, Appellant’s suit might well be permissible.
This Court, contrary to the Seventh Circuit, has rejected attempts to interpret section 227(b)(3)’s seemingly state-law centered language as only creating an alternative forum for a cause of action that was— on the Seventh Circuit’s view — federally meant to be created independently and viable independently, regardless of a state’s wishes. Instead, our decision in Foxhall, reaffirmed in Gottlieb, interpreted the statute’s state-centered language as having substantive content — content that deprived us of federal question jurisdiction. Foxhall, 156 F.3d at 435. Having given the “if otherwise permitted” clause such content, we cannot now ignore its instruction in construing the TCPA. We, therefore, must hold that the TCPA’s cause of action does not survive state law determinations that bar it.
Eñe is not necessary or helpful to the resolution of this case. I therefore join in the judgment of the majority and its second ground of decision, but, most respectfully, not its reasoning regarding the indirect application of Erie.