40 C.C.P.A.(Patents)

## BONNE BELL, INC. v. LANOLIN PLUS COSMETICS, INC.

### No. 5924.

United States Court of Customs and Patent Appeals.

March 11, 1953.

Bates, Teare & McBean, Cleveland, Ohio (Albert R. Teare, Cleveland, Ohio, of counsel), for appellant.

James R. McKnight and Robert C. Comstock, Chicago, Ill., for appellee.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges.

COLE, Judge.

Appellant herein applied for registration of the mark "Plus 30," establishing use thereof since 1944, and alleged said mark to be a fanciful designation, arbitrarily selected. The appellee-opposer, a competitor of the applicant dealing in similar goods, urges that the mark is descriptive of the goods in question and consequently alleges that registration of applicant's mark would be injurious to opposer's business interests.

The Commissioner of Patents, affirming the decision of the Examiner of Trade Mark Interferences, held that "Plus 30," as applied to cosmetics, and more particularly to face creams, was descriptive and hence not registrable within the meaning

of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1051 et seq. This is an appeal from that decision.

The notice of opposition contained eight grounds, number eight being the only one upon which, we assume, the reasons for the decision being reviewed here were intended to apply. It reads:

"Opposer alleges that applicant was not entitled to the use or registration of the mark in application Serial No. 472,499 at the time of its application for registration thereof because the mark is *descriptive of the goods.*" [Italics ours.]

It will be noted that not a word is said in the ground assigned about "Plus 30" being descriptive of a class of purchasers for whom such goods are intended. Some acceptable construction of the involved statute by recognized authority must be found to exist in order to extend or expand the statutory limitation, i. e., "descriptive of the goods" to prohibit the registration of a mark that is descriptive of the class to whom sold. This is the first time we have been called upon to interpret the same, but the Patent Office has previously done so and cited its reasoning therein as sufficient to inject into the instant case, in a most decisive fashion, that a mark is to be rejected under the law cited if it is descriptive of the class to whom sold.

In denying registration, the Examiner of Interferences said:

"* * * it is well settled that a mark is descriptive not only if it describes the characteristics, uses, or functions of the goods with which used, but also if it describes *the class of purchasers for whom such goods are intended.* * * * [Italics ours.]

* * * * * *

"* * * In determining whether or not a mark is descriptive, it must be considered in the light of its significance to the purchasers of the goods with which it is used, and the examiner is clearly of the opinion that the notation 'Plus 30' would indicate to purchasers that the product is partic-

ularly designed for use by women over thirty years of age, * * *."

In support of this ruling, the examiner cited as authority Ex parte Rosenau Brothers, 69 USPQ 18 and Ex parte Miss Seventeen Foundation Co., 76 USPQ 616, both cases having been decided by the tribunals of the Patent Office. Suffice it to say, the Patent Office has held, and adheres to such finding, that a mark is descriptive if it, among other things, describes a class of purchasers for whom the goods in question are intended.

■ We can conceive of cases where the "class of purchasers" of an article might well be considered along with other factors in determining, as the statute defines, the character or quality of goods. But to permit such a finding or belief to be, if not all controlling in its decision, certainly predominating in the reason applied, as was done in this case, is going far beyond even a most liberal expansion of the statute and to an extent we cannot approve.

The application of such procedure appeared to be easy in the Rosenau case, supra, and evidently accounts for the use thereof in that decision. Such is clearly not the case here. It is well to read at this point just what the assistant commissioner said:

"The sole remaining question considered by the examiner relates to opposer's allegation of the descriptiveness of the applicant's mark. While opposer has no right to contest the applicant's right of registration of its mark, as already held, the examiner considered the question, stating that the applicant's mark in order to be descriptive need not describe only the characteristics, uses or functions of the goods, but must be held descriptive if it describes a class of purchasers for whom such goods are intended. He considered it clear from the record of this case, and I think properly so, that the applicant's product is intended primarily to be used by women over thirty years of age as an aid in restoring youthful appearance to the

skin and for that reason the mark 'Plus 30' is descriptive of a class of purchasers of applicant's goods. * *"

The Trade-Mark Act of 1905, section 5 (b), now 15 U.S.C.A. § 1052, in clear, concise, and certain language sets forth the fundamental test of descriptiveness as follows:

"* * * no mark which consists * * * merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods * * * shall be registered under the terms of this act".

It is thus readily apparent that the descriptive proviso of section 5(b) of the Act of 1905 applies to marks which either describe the goods or their character or quality. The law was the same prior to the passage of the Act of 1905. In Beckwith v. Commissioner of Patents, 252 U.S. 538, 40 S.Ct. 414, 416, 64 L.Ed. 705, it was said:

"It was settled long prior to the Trade-Mark Registration Act that the law would not secure to any person the exclusive use of a trade-mark consisting merely of *words descriptive of the qualities, ingredients, or characteristics of an article of trade;* this for the reason that the function of a trade-mark is to point distinctively, either by its own meaning or by association, to the origin or ownership of the wares to which it is applied, and words merely descriptive of qualities, ingredients, or characteristics, when used alone, do not do this. * * *"
[Italics ours.]

The applicant argues that the examiner and the assistant commissioner predicated their respective decisions on an erroneous construction and improper extension of the involved statute in that antecedent support cannot be found in the applicable law for a ruling that a mark is deemed to be descriptive if it describes a class of purchasers for whom the goods are intended. The applicant further argues that its mark does not describe a class of purchasers.

The appellee-opposer contends that the applicant's "Plus 30" face cream was specifically produced for and intended to be sold to women over 30 years of age, and that extensive advertising on the part of the applicant, as shown in the record, clearly indicates that the term "Plus 30" was meant to mean, and does mean, more than 30 years of age. The appellee thereby concludes that the mark describes a face cream designed and sold for use by women over thirty years of age.

It is not wholly clear in our minds whether the tribunals below intended to convey the thought that "Plus 30" described women cosmetic users over the age of 30, or whether said tribunals based their opinion on the premise that "Plus 30" indicated to the purchaser that the product was primarily for use by women over 30.

We think that it is entirely clear that "Plus 30" does not, in the proper sense of the word, describe face creams or any characteristic or quality thereof. We are further of the opinion that a purchaser upon encountering the term "Plus 30" on a container of face cream would not thereby conclude that the mark signified a face cream for use by women over the age of 30.

For the reasons hereinbefore stated, the decision of the Commissioner of Patents is reversed.

Reversed.