GROVE LABORATORIES, Inc., a Corporation doing business as Beaumont Laboratories, Plaintiff,

v.

APPROVED PHARMACEUTICAL CORPORATION, a Corporation, Defendant.

Civ. No. 4951.

United States District Court
N. D. New York.

Jan. 2, 1957.

12. Frankfurter, J., dissenting in United States v. Rabinowitz, 339 U.S. 56, 69, 70 S.Ct. 430, 94 L.Ed. 653.

Mackenzie, Smith, Lewis, Michell & Hughes, Syracuse, N. Y., Gustave Blaustein, Syracuse, N. Y., of counsel, Woodson, Pattishall & Garner, Chicago, Ill., Lewis S. Garner, Jeremiah D. McAuliffe, Chicago, Ill., of counsel for plaintiff.

Sidney H. Greenberg, Syracuse, N. Y., for defendant.

BRENNAN, Chief Judge.

The complaint in this action, as supplemented, alleges two separate claims for relief. (1) A claim based upon the alleged infringement of plaintiff's registered trademark. (2) A claim for relief based upon unfair competition in the use by the defendant of an alleged infringing mark. Jurisdiction of the court appears to be based both on diversity of citizenship and under the provisions of the Lanham Act, 15 U.S.C.A. §§ 1051–1127.

The answer of the defendant denies the material allegations of the complaint; alleges as a defense its own good faith and further alleges as a defense and counter-claim that the mark of the plaintiff is void and prays for its cancellation.

The issues created by the pleadings principally involve (1) the validity of plaintiff's mark; (2) the infringement and (3) the existence of a secondary meaning created by plaintiff's mark. The likelihood of confusion of the source of the product to which plaintiff's mark and the alleged infringing mark are attached, is an issue which may well be applicable to both the infringement and the unfair competition action. The action was tried to the court. The trial record is fairly lengthy. Very little, if any, of the evidence offered is disputed and the essential facts are summarized below.

Plaintiff is a Delaware corporation, having its principal place of business at St. Louis, Mo. For some years it has been engaged in the manufacture and sale to dealers of pharmaceutical products, including cold tablets, which since about 1935 have been distributed to retail outlets in a white cardboard, slide box, bearing the numeral "4" and the word "way" on a red background in a conspicuous position thereon. As so placed, the numeral "4" appears above the word "Way". On the sides of the box are listed four effects or results to be obtained by the use of the tablets.

The plaintiff's mark "4 Way" was registered in the U. S. Patent Office on Feb. 26, 1935. This registration was under the 1905 Act. The mark was republished on Sept. 4, 1951 under the Act of 1946. The supplemental complaint alleges and the record shows that the mark was also registered in the U. S. Patent Office in 1954 or 1955 and in the State of New York on June 30, 1954 under appropriate state statutes.

Plaintiff's product, contained in the box upon which the mark was affixed, consisted of a pink colored tablet intended to function so as to afford relief from common colds. It has been extensively and nationally advertised from 1935 to the present date at a total expenditure of over ten million dollars. The sales of the product have increased from year to year since 1935 and the total in money value exceeds twenty-seven mil-

lion dollars. The annual sales appear to bear a somewhat consistent relationship to the amount of advertising expense. The tablets are extensively handled by retail distributors throughout the United States. The product is nationally known. The twelve tablet box is sold at retail for twenty-three cents.

The defendant is a New York corporation, doing business at Syracuse N. Y. Its business, which was started in June 1950, is likewise principally involved in pharmaceutical preparations or products. As to the item in controversy here, it purchases capsules, intended to afford relief in the case of colds, from a manufacturer and packages and distributes same principally to drug stores in Northeast United States, including Ohio, Pennsylvania, New York, Massachusetts and Connecticut. It packages its cold capsules in a glass bottle to which is attached a label which displays conspicuously the numeral "7" and the word "Way" in the following form—"7-Way". Underneath or below the above numeral and word in a smaller type are the words "Cold Capsules" and underneath those two words "with quinine". The label lists seven ingredients apparently contained in each capsule.

Two-thirds of defendant's cold capsules are labelled as above, the designation "7-Way" appearing on a salmon colored background. The remaining one-third is distributed in the same type of container and the label differs principally in that the name of the particular drug-store to which the defendant makes its sale is imprinted thereon—as for example—"Hammonds 7-Way Cold Capsules". On each of such labels the words "7-Way" appear on a different colored background. It is evident that the volume of the cold capsules distributed by the defendant is not large when compared with that of the plaintiff. The amount of defendant's sales does not appear in the record. Defendant does no advertising of its capsules except to provide a display carton or holder for the use of the druggist or retail seller.

The sixteen tablet bottle retails for forty-nine cents.

Evidence offered bearing upon the question of confusion or mistake as to the source or origin of the capsules was voluminous. In addition to some four or five witnesses who testified at the trial, the plaintiff took the depositions of several witnesses at Albany N. Y., Erie Pa., Buffalo N. Y., and Cleveland O. To discuss their evidence in detail is unnecessary. It is sufficient to say that persons who might be termed prospective purchasers of cold remedies were called after having been shown the defendant's packaged product with the "7-Way" legend thereon and were asked as to their reaction thereto. The replies were varied but there was substantial evidence to show that the 4-Way tablet was well known in the consumer trade and that the same was called for and purchased by customers using that designation or the designation of "4-Way Cold Tablets". In other words, it was recognized by consumers as a brand name product. Substantial evidence also showed that upon being shown the container containing defendant's product that the reaction was that it was an improved 4-Way cold remedy placed upon the market by the same company. The mark 7-Way in most instances invoked a mental association with the 4-Way product.

The defendant called three drug-store operators engaged in business at the city of Syracuse. They were permitted to express their opinions as to whether or not customer confusion would exist in the matter of the plaintiff's and defendant's product. Their replies were negative in effect and they further testified that no instances of actual customer consumer confusion came to their attention. With the above outline of facts, the applicable law will be briefly discussed.

■ Although no question was raised upon the trial, the defendant urges in the brief submitted that plaintiff has failed to show a use by the defendant of the alleged infringing name in interstate commerce. Even though

the point was not raised at the trial, there is sufficient evidence to satisfy the requirement of the statute. The managing agent of the defendant testified that the area of defendant's operations constituted northeast United States including five specific states, previously mentioned herein. In addition, the defendant offered in evidence as an exhibit a labelled bottled container of defendant's product prepared for and apparently sold to a drug concern at Cleveland, Ohio. Plaintiff's interstate use of its mark is plainly affected. The contention is rejected. Admiral Corp. v. Penco, Inc., 2 Cir., 203 F.2d 517, at page 520.

The validity of plaintiff's mark would seem to be the next question to be decided. Defendant's contention in that regard is limited to the claim that same is essentially descriptive and may not be made the subject of a valid trademark.

■■■ A discussion of the many cases cited by both litigants on this particular question would serve no useful purpose. A descriptive mark may now be registered under the provisions of the present act, provided a secondary meaning is established. 15 U.S.C.A. § 1052(f). That plaintiff's mark has acquired such a meaning is hardly open to argument. In any event, the 4-Way mark is not descriptive in the sense the term is used in the decisions which discuss the same contention. Plaintiff's mark carries the presumption of validity. 15 U.S.C.A. § 1057(b). It may be condemned as descriptive only if it describes the "qualities, ingredients, or characteristics" of the product to which it is attached. Beckwith's Estate, Inc., v. Com'r of Patents, 252 U.S. 538, at page 543, 40 S.Ct. 414, at page 416, 64 L.Ed. 705. The mark alone does not describe any of the above items but when used in connection with a remedy for colds, at best is suggestive only of methods employed in rendering relief. Suggestive marks are not invalid. Dietene Co. v. Dietrim Co., 8 Cir., 225 F.2d 239; Douglas Laboratories

Corp. v. Copper Tan, 2 Cir., 210 F.2d 453; Independent Nail & Packing Co. v. Stronghold Screw Products Inc., 7 Cir., 205 F.2d 921. See also Artype, Inc., v. Zappulla, 2 Cir., 228 F.2d 695; Standard Brands v. Smidler, 2 Cir., 151 F.2d 34.

■■■ Infringement under the statute, 15 U.S.C.A. § 1114(1), exists if it be determined here that defendant uses its mark in connection with the sale of its capsules in a manner likely to cause confusion or mistake or to deceive purchasers as to the source or origin of such capsules. Actual deception or confusion is not necessary. Maternally Yours, Inc., v. Your Maternity Shop, Inc., 2 Cir., 234 F.2d 538. Each case must be considered separately and precedents are not conclusive. La Touraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115. Similarity of the marks in appearance and suggestion, the strength of plaintiff's mark, the area and manner of the use of the marks, and the degree of care to be exercised by prospective purchasers are all elements to be considered. Maternally Yours, Inc., v. Your Maternity Shop, Inc., supra, 234 F.2d at page 543. It is common knowledge that cold remedies are purchased by all classes. The educated and the ignorant, the old and the young, the discerning and the careless are all consumers.

■■■ While here the defendant's mark is not particularly similar in appearance to plaintiff's mark, it definitely has a similarity in its suggestion. This is not theoretical. The evidence establishes same. Likelihood of confusion as to source is not a matter of inference alone. Actual confusion of source appears in the evidence which bears the stamp of reliability. Defendant criticises the manner in which the witnesses, who gave such testimony, were obtained but I see no reason for the rejection of their testimony. The evidence itself is apparently competent. Square D Co. v. Sorenson, 7 Cir., 224 F.2d 61, at page 64, and

is in accord with the inference in which the trier of the fact may indulge.

■ That the court finds that the plaintiff's mark has acquired a secondary meaning has been intimated above. Perhaps such a finding is not seriously contested. The doctrine of secondary meaning and evidence necessary to establish its existence is discussed in the decision of this court in Automatic Washer Co. v. Easy Washing Machine Corp., 98 F. Supp. 445, at pages 450–451. Following the test outlined therein and having in mind the evidence offered here which bear upon the elements necessary to establish the doctrine, it is clear that "4-Way" means plaintiff's product. As the testimony shows, it is a recognized "brand name". Secondary meaning is thereby established.

■ Much that has been stated above respecting infringement applies to the action for unfair competition " * * * which is but a somewhat broader phase of the same wrong." Standard Brands v. Smidler, supra, 151 F.2d at page 37. Whatever law is applied, a finding that defendant has competed unfairly follows.

■ When one uses a mark in such a form or manner as to create in the minds of the purchaser, the impression that same represents the goods of another, he competes unfairly. Absence of intent to injure is not required. National Van Lines v. Dean, 9 Cir., 237 F.2d 688, at pages 692–693. It may be observed that it seems strange that defendant would by coincidence alone choose an arbitrary mark for its cold capsules which would in any way incorporate the numerals or words of the mark of its well known, well advertised and widely accepted competitior. It is no answer that defendant's product is a small part of its business activity. "Even so, one cannot ride upon another's coattails in the inevitable process of becoming bigger * * *". LaTouraine Coffee Co. v. Lorraine Coffee Co., supra, 157 F.2d at page 119.

■ There remains the question of the relief to be granted. That an injunction should be granted is certain. There is however no evidence of the extent of plaintiff's money damage. The amount of defendant's sales is not shown although the inference exists that they were not large in amount. Under the circumstances, no accounting of profits will be ordered. Champion Spark Plug Co. v. Sanders, 331 U.S. 125, at page 131, 67 S.Ct. 1136, at page 1139, 91 L.Ed. 1386. Plaintiff may have its costs, legal disbursements and disbursements made under the order of the court relative to depositions taken before trial. No exceptional circumstances are shown which warrant the allowance of attorney's fees.

### Conclusions of Law

1. This is an action for trademark infringement and unfair competition.

2. The Court has jurisdiction of the parties to and the subject matter of this litigation.

3. Plaintiff's mark "4-Way" is a valid registered and common law trademark as applied to and pertaining to its product cold tablets.

4. Plaintiff's mark had acquired a secondary meaning at all the times relevant to this litigation.

5. Defendant's use of the mark "7-Way" in connection with the sale of its cold capsules constitutes an infringement of plaintiff's registered mark and has likewise competed unfairly with the plaintiff in the matter of the sale of the products referred to above.

6. Plaintiff is entitled to an injunction restraining the further use of defendant's mark in a manner to constitute an infringement of plaintiff's registered mark and to compete unfairly with the plaintiff as above indicated.

7. Plaintiff is entitled to its cost and disbursements as outlined above.

A decree may be submitted in conformity with the findings and conclusions made herein.