RAND McNALLY & COMPANY, Appellant,

v.

CHRISTMAS CLUB, a Corporation, Appellee.

Patent Appeal No. 6248.

United States Court of Customs and Patent Appeals.

March 29, 1957.

John Rex Allen, Jules L. Brady, Chicago, Ill., Francis C. Browne, Washington, D. C. (Schroeder, Hofgren, Brady & Wegner, Chicago, Ill., Mead, Browne, Schuyler & Beveridge, Washington, D. C., of counsel), for appellant.

Eugene T. McQuade, E. C. Sanborn, New York City (Tompkins, Boal & McQuade, Fish, Richardson & Neave, New York City, of counsel), for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents acting for the Commissioner in a cancelation proceeding instituted by Rand McNally & Company, the appellant here, against Trademark Registration No. 225,139, issued to appellee on March 15, 1927 and republished under the Act of 1946 on February 15, 1949, for the mark "Christmas Club" as applied to a magazine. The petition for cancelation was based on the allegation that the mark in question is descriptive of the goods to which it is applied, and that contention was upheld by the Examiner of Interferences, who sustained the petition and recommended cancelation of the registration. On appeal from that decision, however, the Assistant Commissioner held that the mark was not descriptive and that no facts appeared from which damage to the petitioner could be presumed. 105 U.S.P.Q. 499. She accordingly reversed the decision of the Examiner of Interferences, and this appeal followed.

■ The principal issue raised by the appeal is whether or not the mark is descriptive as applied to a magazine. The record shows that the words "Christmas Club" have been commonly applied for many years to Christmas savings plans and printed matter associated therewith and that neither party has any exclusive rights on that basis to those words per se. In fact, as noted by the Assistant Commissioner, appellee, on August 23, 1921, obtained a registration of "Christmas Club" under the 1920 Act for printed books, pamphlets, posters, cards, advertising cards and circulars, which registration was surrendered for cancelation on December 27, 1921, on the ground of non-exclusive use of the term.

Both parties to this appeal are engaged in the business of selling supplies and advertising material to banks for use in connection with Christmas Club savings accounts, and such supplies and material often feature the words "Christmas Club."

Since about 1926 appellee has published a small magazine under the title "Christmas Club." In recent years it has had a circulation of approximately five thousand, of which less than one hundred copies have gone to paying subscribers. Practically all the remaining copies—at least ninety-six per cent of the total—are distributed to banks which are actual or prospective customers of appellee.

■■ It is well settled that the title of a magazine is descriptive if it describes the contents of the magazine Crime Confessions, Inc., v. Fawcett Publications, Inc., 139 F.2d 499, 31 C.C.P.A., Patents, 760; Warner Publications v. Popular Publications, 2 Cir., 87 F.2d 913; McGraw-Hill Publication Co., Inc., v. American Aviation Associates, 73 App. D.C. 131, 117 F.2d 293. However, while the magazine here involved contains matter advertising Christmas Clubs, such matter forms a relatively small part of the whole. More than eighty per cent of the magazine is devoted to editorials, jokes, and quotations derived from various sources. Accordingly, we are of the opinion that the words "Christmas Club" cannot properly be said to be descriptive of the actual contents of the magazine in issue.

It is contended by appellant, however, that the sole purpose of the magazine is to advertise or promote appellee's Christmas Club business and that a title descriptive of the purpose of the goods is descriptive of the goods themselves so far as the trademark statutes are concerned. In support of that contention appellant cites In re W. A. Sheaffer Pen Co., 158 F.2d 390, 391, 34 C.C.P.A., Patents, 771, in which "Fineline" was held to be descriptive of pencils adapted to produce fine lines. In that case the court said:

"Words which are merely descriptive of the goods with which they are used, or the character or quality thereof, or the purpose for which they are used, shall not be registered under the mandate of the statute, for the reason that any one is entitled to use such words in describing the goods which he offers for sale."

Appellant also relies on Andrew J. McPartland, Inc., v. Montgomery Ward & Co., Inc., 164 F.2d 603, 35 C.C.P.A., Patents, 802, in which "Kwixtart" was held to be descriptive of a storage battery designed to give a quick start to an automobile engine.

It is to be noted that in each of the cited cases the mark was descriptive of an effect produced directly by the goods to which it was applied. In the instant case, on the other hand, the magazine obviously does not produce a Christmas Club but, at most, serves to advertise the business of appellee in connection with such clubs.

The situation here presented is generally similar to that in Bonne Bell, Inc., v. Lanolin Plus Cosmetics, Inc., 202 F. 2d 790, 791, 40 C.C.P.A., Patents, 891, which involved the trademark "Plus 30" for a cosmetic cream. It was held by the Patent Office tribunals that the mark was descriptive since it " 'would indicate to purchasers that the product is particularly designed for use by women over thirty years of age.' " This court, however, reversed that holding as "going far beyond even a most liberal expansion of the statute" with respect to descriptiveness.

Another case in point is Triangle Publications v. Rohrlich, 167 F.2d 969, in which it was held by the United States Court of Appeals, Second Circuit, that the trademark "Seventeen" was not descriptive of a magazine devoted to teen-age fashions.

The distinction between trademarks which are descriptive of the goods to which they are applied, and those which are merely suggestive, is not always easy to make, and depends to a great extent on the circumstances of the particular case involved. In the instant case "Christmas Club" clearly is not descriptive of the physical properties of appellee's magazine, and, in our opinion, is not descriptive of the contents thereof and, while there is a certain relationship between the words "Christmas Club" and the manner in which the magazine is used by appellee, we consider that relationship to be too remote to justify a holding that the words are descriptive.

 We are, moreover, in agreement with the finding of the Assistant Commissioner that the record does not show facts from which it can be properly presumed that appellant has been or will be damaged by the registration here involved. The house attorney for appellant, James M. Votova, testified that appellant did not publish any periodical in its Christmas Club department, and there is nothing to show that it intends to do so in the future. Appellant and appellee, therefore, are not in competition so far as the publication of any periodical is concerned. Moreover, as pointed out by the Assistant Commissioner, appellee's trademark cannot prevent appellant from publishing a periodical or from using the words "Christmas Club" therein in their ordinary, non-trademark sense. The involved registration would at most merely prevent the use of "Christmas Club" as the title of such a periodical, and upon the facts presented it is not thought that this could result in damage to appellant. In that condition it seems proper to note

that prior to the filing of appellant's petition for cancelation, appellee's registration had been in effect for more than twenty-five years, and that appellant had had actual notice of the existing registration for approximately thirteen or fourteen years without any damage having been alleged.

The decision of the Assistant Commissioner is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate herein in place of COLE, Judge, absent because of illness.