47 CCPA

## MERRITT CORPORATION

v.

## STERLING DRUG, INC.

Patent Appeal No. 6528.

United States Court of Customs and Patent Appeals.

May 3, 1960.

Bass & Friend, New York City, Ben Cohen, Washington, D. C., for appellant.

James F. Hoge, Lenore B. Stoughton, Mercer L. Stockell, New York City, E. F. Wenderoth, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and FRANCIS L. VAN DUSEN, Judge.[1]

WORLEY, Chief Judge.

This appeal from the Trademark Trial and Appeal Board of the United States Patent Office involves an opposition by appellee to appellant's application for registration of "Superin" as a trademark for "an aspirin suppository product." The opposition is based on appellee's registration and prior use of "Suprarenin" as a trademark for a synthetic epine-

1. United States District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'CONNELL, pursuant to provisions of Section 292(d), Title 28 U.S.C.

phrine preparation "for the treatment of diseases of the eye, nose, larynx, bladder, urethra, and uterus and, in surgical operations, and to stop the flow of blood." The board sustained the opposition. The parties submit here on the record and briefs.

Since appellee's registration for "Suprarenin" was first issued in 1904, and appellant's first alleged use was in 1957, there is no question of priority. The sole issue is whether one mark so resembles the other as, when applied to the goods of the respective parties, to cause confusion or mistake or to deceive purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

In holding confusion would be likely, the board said:

"The products of the parties, while differing in chemical composition and medicinal uses, are pharmaceutical preparations intended for internal use which would ordinarily be sold through the same channels of drug distribution. It appears moreover in view of the nature of the ailments for which opposer's product is used that it is likely to be administered in many instances under emergency circumstances; and that the use of applicant's product in particular situations where opposer's product is prescribed could have dangerous effects. The consequence of confusion between these products may therefore be serious; and as stated in Campbell Products, Inc. v. John Wyeth & Bros., Inc. [143 F.2d 977, 31 CCPA 1217]. 62 USPQ 302 (CCPA, 1944) " * * * where ethical goods are sold and careless use is dangerous, greater care should be taken in the use and registration of trademarks to assure that no harmful confusion results". See also: Morgenstern Chemical Company, Inc. v. G. D. Searle & Company, 116 USPQ 480 (CA 3, 1958); Die-

tene Company v. Dietrim Company et al., 106 USPQ 344 (CA 8, 1955).

"The marks "Superin" and "Suprarenin" are coined and arbitrary terms having no apparent significance other than as indications of origin for the respective goods. The resemblances between the marks both in sound and appearance are considered to be such that they frequently would look so nearly alike when written and sound so nearly alike when spoken that confusion in the minds of pharmacists and medical personnel and mistake in the product delivered and administered would be reasonably likely to occur."

■■ Appellant stresses the fact that its goods are presently sold over the counter, whereas appellee's goods are presently sold on prescription only. However, neither appellant's application nor appellee's registration restricts either product to prescription sales or over the counter sales. See Meyer Chemical Co. v. Anahist Co., Inc., 263 F.2d 344, 46 CCPA 784. In point here is a doctor's testimony on behalf of appellee that aspirin suppositories have been dispensed on prescription. Thus the difference in present manner of sale of the goods is not necessarily controlling as to likelihood of confusion. The goods of appellant and appellee are medicinal preparations which are normally sold through drug stores and used by the same general class of purchasers. In view of that fact, and coupled with the close similarity of the marks, we think prospective purchasers would be likely to assume that the goods emanated from the same source.

Full consideration has been given the arguments advanced in appellant's brief regarding the difference in labels, instructions, dispensing, and use of the respective products, but we find no grounds for reversing the decision appealed from.

The decision is affirmed.

Affirmed.