TRAVEL MAGAZINE, INC., Plaintiff,
v.
TRAVEL DIGEST, INC. and Muriel
E. Richter, Defendants.

United States District Court
S. D. New York.
Feb. 28, 1961.

Mortimer M. Lerner, New York City, for plaintiff.

Dublirer & Haydon, New York City, Harold Dublirer, New York City, of counsel, for defendant Travel Digest, Inc.

DAWSON, District Judge.

Pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C., Travel Digest, Inc., has brought a motion to dismiss the plaintiff's first cause of action, which alleges infringement of a trademark, for failure to state a claim upon which relief can be granted. The defendant has also moved to dismiss plaintiff's second cause of action which alleges unfair competition. This latter motion is based on an alleged lack of jurisdiction and failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b) (2) & (6).

Plaintiff's first cause of action alleges that it is the holder, as a successor in interest, of a duly registered, valid trademark on the word "Travel." "Travel" was used as the title of its magazine continuously since 1907. In 1949 the name was registered and a trademark was assigned. It is further alleged that the magazine has enjoyed millions of dollars of sales and expended in excess of a million dollars in advertising and promoting its sales. The plaintiff lastly alleges that the defendants have infringed its trademark rights by publishing a magazine "Travel Digest" which it claims is a "colorable imitation of plaintiff's prior trademark 'Travel.'"

The second cause of action alleges, in addition to the foregoing, that the defendants' publication is likely to cause confusion in the minds of the public and to deceive purchasers as to the source and origin of the magazines published and sold by the defendant, Travel Digest, Inc. The use of the name "Travel Digest"

without consent has continued despite plaintiff's demands that they cease.

The concluding paragraphs of the complaint allege that plaintiff has been damaged by this unfair competition, that such damage to their good will and reputation will be irreparable, and that the defendants have made substantial profits as a result of their unfair competition. The plaintiff prays for injunction, for treble damages, for destruction of all infringing materials, for reasonable attorneys' fees, and for such other relief as the Court may deem just and proper.

■ Rule 12(b) (6) is substantially a modern form of the common law general demurrer. It is a device to test the legal sufficiency of the complaint. In considering the motion the material allegations of fact are taken as admitted and the complaint will not be dismissed "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2 Moore, Federal Practice, ¶ 12.08 (2d ed. & Supp.1960).

■ But, defendant's motion, addressed to the first cause of action, is a speaking motion and as such must be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b); 2 Moore, supra, ¶ 12.09[3].

### Trademark Infringement

■ Clearly the first cause of action does set forth sufficient facts on which relief may be granted. The trademark, plaintiff's succession in interest to the trademark, commercial exploitation and success of the trademark, and infringement are all duly alleged. This Court has jurisdiction pursuant to Section 1338(a) of Title 28 of the United States Code.

It was admitted by the plaintiff during the argument on the motion that no claim was made by it for a design trademark, i. e., a registered exclusive right to the particular design as set forth in the trademark registration. That the claim might have been for the design might have been inferred from the trademark registration, since the word "Travel" in the registration is comprised of an upper case initial letter, lower case succeeding letters, with a swirl emanating from the left branch of the "v" and concluding at the top of the right-hand side of the "l."

Plaintiff's claim, in view of its admission on the argument, is strictly limited to one for trademark infringement of the word "Travel." It is necessary, therefore, to consider whether a trademark of the word "Travel," as the title of a magazine involving travel, would constitute a valid registered trademark under the statute. The pertinent provision is Section 1052 of Title 15:

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\*   \*   \*   \*   \*   \*

"(e) Consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive  \*   \* of them  \*   \*   \*."

■ This section has been amply interpreted by the courts which have invalidated many trademarks on the basis that they were merely descriptive of the product involved. In the case of magazines, trademarks were invalidated where the title merely described the contents of the magazine itself. Magazine Publishers, Inc. v. Ziff-Davis Pub. Co., 2 Cir., 1945, 147 F.2d 182, 184–185 ("Flying Aces" as title of magazine dealing with flying held descriptive and therefore trade-mark invalid); McGraw-Hill Pub. Co., Inc. v. American Aviation Associates, Inc., 1940, 73 App.D.C. 131, 117 F. 2d 293, 295 (magazine title "Aviation" held descriptive); Collegiate World Pub. Co. v. Du Pont Pub. Co., D.C.N.D.Ill. 1926, 14 F.2d 158, 161 (title "College Humor" held descriptive); Cf., Rand McNally & Co. v. Christmas Club, 1957, 242 F.2d 776, 44 CCPA 861 ("Christmas Club" as title of magazine devoted to editorials, jokes and quotations and advertisements of Christmas Clubs held non-

descriptive). See generally, 1 Nims, Unfair Competition annd Trademarks, §§ 200–201 (4th Ed. 1947).

However, in 1946 the trademark statute was amended to include the following section:

"(f) Except as expressly excluded in subsections (a), (b), (c), and (d) of this section, nothing in this chapter shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The Commissioner may accept as prima facie evidence that the mark has become distinctive, as applied to the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years next preceding the date of the filing of the application for its registration."

Thereafter a name or mark which would previously have been refused registration on the grounds that it was merely descriptive, could be granted trademark registration if the applicant was able to establish the fact that such name or mark had acquired a secondary meaning. Gold Seal Co. v. Weeks, D.C.D.C.1955, 129 F.Supp. 928, esp. 935–936, affirmed per curiam, 97 U.S.App.D.C. 282, 230 F.2d 832, certiorari denied, 1956, 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50; Grove Laboratories, Inc. v. Approved Pharmaceutical Corp., D.C.N.D.N.Y.1957, 149 F. Supp. 86, 90.

■■■ The question of whether a mark or title has acquired a secondary meaning is always a substantial question of fact. See Morse-Starrett Products Co. v. Steccone, D.C.N.D.Cal.1949, 86 F.Supp. 796. See, also, 1 Nims, supra, § 101. Certainly the defendants have not been willing to admit that "travel" has acquired such a secondary meaning, nor would plaintiff be willing to disclaim the same. Since this presents the court with a material issue of fact, summary judgment may not be granted pursuant to Rule 56 of the Federal Rules of Civil Procedure. At the same time, as pointed out above, the allegations of the first cause of action do set forth sufficient facts on which relief can be granted. Accordingly, the defendant's motion to dismiss the first cause of action is denied.

### Jurisdiction Over the Second Cause of Action

■■■ Section 1338(b) of Title 28 of the United States Code provides:

"The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

This provision has been liberally interpreted by the courts, so that identity of issues is not required. Maternally Yours, Inc. v. Your Maternity Shop, Inc., 2 Cir., 1956, 234 F.2d 538, 543. Section 1338(b) was passed to avoid piecemeal litigation and to permit a court to dispose of all of the issues before it without the necessity of multiple suits. In accordance with this intent, it has been held that the court retains jurisdiction, notwithstanding the fact that the basic cause of action fails for invalidity of the trademark, patent or copyright. Pagliero v. Wallace China Company, 9 Cir., 1952, 198 F.2d 339, 341; Warner Publication, Inc. v. Popular Publications, Inc., 2 Cir., 1937, 87 F.2d 913, 914.

The concept of pendant jurisdiction in the trademark field was initiated by the Supreme Court in Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and later expanded by the Court in Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 1938, 305 U.S. 315, 59 S. Ct. 191, 83 L.Ed. 195. See generally, 2 Nims, Unfair Competition and Trademarks, § 363 (4th Ed. 1947). Its potency today is illustrated in a recent case decided by this court. Chester Barrie Limited v. Chester Laurie Limited, D.C.S.D.N.Y.1960, 189 F.Supp. 98, 99.

■ Defendant's motion to dismiss the second cause of action, pursuant to Rule 12(b) (2), is denied. The unfair competition portion of the complaint is properly joined with a substantial and related claim charging trademark infringement. Even if the trademark were to be held invalid the court would retain proper pendant jurisdiction to determine the issue of unfair competition.

### Unfair Competition

■ The last portion of the defendant's motion asks for dismissal of the second cause of action, the unfair competition allegations, on the grounds that it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b) (6).

This motion, if treated as one under 12(b) (6), must necessarily be denied. The allegations set forth all the necessary elements of unfair competition. If those facts were proved the plaintiff would be entitled to judgment.

The only way the defendant may hope for success on this motion is if it is treated as one for summary judgment. However, if that is the case, then defendant's motion must still be denied for there are material disputed issues of fact.

■ Suits for unfair competition have common-law roots. They are founded on the plaintiff's mark having acquired a secondary meaning. As discussed above, secondary meaning is always a question of fact. In this case certainly it is a disputed and material issue. In a case involving unfair competition the Court will not enjoin all competition, but only those portions which are unfair. William R. Warner & Co. v. Eli Lilly & Co., 1924, 265 U.S. 526, 44 S.Ct. 615, 68 L.Ed. 1161; Fawcett Publications, Inc. v. Popular Mechanics Co., 3 Cir., 1935, 80 F.2d 194, 197. The question of what, if any, aspects of the competition are unfair, is similarly a material issue of fact.

### Conclusion

Since there are disputed material issues of fact, summary judgment may not be granted. Since the complaint is sufficient, a motion for relief pursuant to Rule 12(b) (6) must be denied. Accordingly, all three aspects of defendant's motion are hereby denied.